NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1175

JAMES COLVIN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:*

MAY 3 1 2024

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C720951

The Honorable Tarvald A. Smith, Judge Presiding

* * * * * * * *

| | |
|---|---|
| James L. Colvin<br>Angie, Louisiana | Plaintiff/Appellant<br>Pro Se |
| Debra A. Rutledge<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

James Colvin appeals the Nineteenth Judicial District Court's ("19th JDC") August 4, 2023 judgment rendered in favor of the Louisiana Department of Public Safety and Corrections ("DPSC"). For the following reasons, we affirm the August 4, 2023 judgment.

## FACTS AND PROCEDURAL HISTORY[1]

In 1983, James Colvin was convicted of armed robbery and sentenced to imprisonment at hard labor for eighty years, without the benefit of parole, probation, or suspension of sentence. See *State v. Colvin*, 452 So.2d 1214 (La. App. 3 Cir. 1984). In 1986, Colvin escaped from the Louisiana State Penitentiary at Angola. He was recaptured by federal authorities in California a few months later and was subsequently charged with and convicted of federal crimes, for which he was sentenced to new, lengthy terms of imprisonment.

Colvin was paroled from federal prison in 2004. After robbing a bank, he was sentenced to a new term of imprisonment and incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. When he was released in 2016, DPSC officials returned him to Louisiana to serve the remainder of his Louisiana sentence.

In March 2018, Colvin filed a request pursuant to Louisiana's administrative remedy procedure[2] ("2018 ARP") (LSP-2018-238) wherein he asserted that he was illegally extradited to Louisiana and alleged that the length of his sentence had

---

[1] The following facts and procedural history are taken in part from *Colvin v. LeBlanc*, 2 F.4th 494 (5th Cir. 2021).

[2] Offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. La. R.S. 15:1176; LAC 22:I.325(F)(3)(a)(viii); see also *Spikes v. Louisiana Dep't of Pub. Safety & Corr.*, 2022-0504 (La. App. 1 Cir. 11/4/22), 354 So.3d 84, 86-87. An offender aggrieved by an adverse decision rendered pursuant to any ARP may institute proceedings for judicial review by filing a petition for judicial review in the 19th JDC. See La. R.S. 15:1177(A).

been calculated incorrectly.[3]  DPSC's first-step response denied the request, stating in pertinent part:

> Your complaint has been reviewed and investigated.
>
> We have confirmed with staff at [DPSC] Headquarters, that your time is to run consecutive to your Federal release. [. . .]
>
> No relief is warranted for this complaint.

DPSC's first step-response also addressed an adjustment to Colvin's sentence that was later corrected.  Specifically, DPSC stated, "The change that was made . . . was in error and this has been corrected."

Colvin proceeded to the second step of the ARP process.  DPSC responded in relevant part:

> The offender contends that his state sentence should not be consecutive to his federal sentence and he should get credit for time served in federal custody.  A review of the record indicates that your state time stopped when you escaped from the custody of [DPSC].  While on escape status you committed several crimes which were under the jurisdiction of federal authorities.  The federal authorities took custody of you in essence of a speedy trial and conviction.  No mention of concurrent sentences were ordered by the sentencing courts.  Credit for time spent while serving a sentence under a conviction in one jurisdiction will not be allowed against a sentence upon another conviction in a second jurisdiction.  The basic reasoning behind this rule is that each [jurisdiction's] punishment must be separately satisfied by custodial confinement of the violator.  Your time computation is correctly calculated stopping your sentence at time of escape and not allowing credit for time served on convictions in federal custody.  Once your federal confinement stopped, your state confinement began.  Your time computation is considered correct and will not be amended in this instance.  Your request for relief is denied.

The record contains no evidence that Colvin ever filed a petition for judicial review with the 19th JDC after receiving DPSC's 2018 second-step response.  Instead, Colvin filed suit against several defendants, including James M. LeBlanc, DPSC Secretary, in the Twenty-Second Judicial District Court ("22[nd] JDC").  Colvin's suit was subsequently removed to federal court.  See Colvin v. LeBlanc, No. CV 19-10962, 2019 WL 5072091 (E.D. La. Sept. 24, 2019), report and

---

[3] Colvin's 2018 ARP also referenced an attached memorandum of law which is not in the record.

3

recommendation adopted, No. CV 19-10962, 2019 WL 5073514 (E.D. La. Oct. 9, 2019), aff'd in part, vacated in part, remanded, 2 F.4th 494 (5th Cir. 2021).

On June 1, 2022, Colvin filed another request pursuant to Louisiana's administrative remedy procedure ("2022 ARP") (RCC-2022-230) wherein he alleged that neither the first nor second responses issued in the 2018 ARP addressed the precise issue of "simultaneous state and federal jurisdiction of consecutive and concurrent sentences." He requested that DPSC address "whether [he] was subject to simultaneous state and federal jurisdiction while on 'loan' to federal authorities 'in essence of a speedy trial and conviction[.]" Colvin's position is that his time in federal custody resulted in DPSC relinquishing primary permanent custody over him.

On June 2, 2022, DPSC rejected the 2022 ARP, stating that it was repetitive of Colvin's 2018 ARP. Colvin proceeded to the second step, after which he received correspondence from DPSC reiterating that Colvin's 2022 ARP was repetitive and rejecting the 2022 ARP.

On July 18, 2022, Colvin filed a petition for judicial review, which referenced an attached writ of habeas corpus for a statement of claim and prayer for relief.[4] In the attached writ of habeas corpus, Colvin asserted that Louisiana relinquished primary jurisdiction over him on December 16, 1987, when he was transferred to federal prison and remained there for twenty-nine years. He further claimed to be entitled to a diminution of sentence, or "good time." In his prayer for relief, Colvin requested that the trial court grant his writ of habeas corpus and order that the time he spent in federal prison be credited to his state sentence. He further requested that Louisiana's good time statute be applied retroactively to his sentence, thus making his release date January 1, 2023.

---

[4] The referenced writ of habeas corpus was filed with the 19th JDC on or about June 29, 2022.

On September 2, 2022, DPSC filed an answer to Colvin's petition for judicial review. DPSC referenced Colvin's 2018 ARP and alleged that Colvin never sought review of DPSC's decisions relating to same in the 19th JDC.

On July 17, 2023, the Commissioner[5] of the 19th JDC ("the Commissioner") recommended that DPSC's decision be affirmed and the petition for judicial review be dismissed at Colvin's cost.[6] The Commissioner found that Colvin failed to seek judicial review of his 2018 ARP through the 19th JDC as required by La. R.S. 15:1171, *et seq.*, instead seeking review of (and litigating) those issues with the 22nd JDC and the federal court system. The Commissioner concluded that Colvin's failure to follow the proper channels for judicial review does not allow him the opportunity to initiate his claim anew in a new grievance when said claims have already been addressed by another court.

Colvin filed an objection to the Commissioner's Report on August 1, 2023. On August 4, 2023, the 19th JDC rendered judgment dismissing Colvin's petition for judicial review with prejudice and further ordering that all subsequent pleadings filed into this suit by Colvin be dismissed. The 19th JDC adopted the Commissioner's Report as its reasons.

Colvin filed the instant appeal on August 22, 2023.

## STANDARD OF REVIEW

The Corrections Administrative Remedy Procedure, set forth in La. R.S. 15:1171-1179, provides that DPSC may adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, DPSC, or its employees. The adopted

---

[5] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Hakim-El-Mumit v. Stalder*, 2003-2549 (La. App. 1 Cir. 10/29/04), 897 So.2d 112, 113 n. 1.

[6] The Commissioner further recommended that all subsequent pleadings filed by Colvin into this suit should be dismissed.

procedures are the exclusive remedy for handling the complaints and grievances to which they apply. La. R.S. 15:1171(B); see also *Spikes,* 354 So.3d at 86-87. The rules and procedures promulgated by DPSC are set forth in LAC 22:I.325. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. La. R.S. 15:1176; LAC 22:I.325(F)(3)(a)(viii); see also *Spikes,* 354 So.3d at 87.

An offender aggrieved by an adverse decision rendered pursuant to any ARP can institute proceedings for judicial review by filing a petition for judicial review in the 19th JDC. See La. R.S. 15:1177(A). On review of the agency decision, the district court functions as an appellate court. *Brown v. Louisiana Dep't of Pub. Safety & Corr.,* 2015-1958 (La. App. 1 Cir. 9/19/16), 277 So.3d 326, 329. The district court's review shall be confined to the record and limited to the issues presented in the petition for review and the ARP filed at the agency level. See La. R.S. 15:1177(A)(5).

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. *Greenhouse v. Louisiana Dep't of Pub. Safety & Corr.,* 2017-0316 (La. App. 1 Cir. 11/1/17), 2017 WL 4946864, at *2 (unpublished), writ denied, 2017-2122 (La. 1/8/19), 259 So.3d 1021.

## DISCUSSION

Colvin sets forth two claims in his brief. First, Colvin realleges that his extradition to Louisiana was illegal and unconstitutional, asserting that Louisiana relinquished its primary jurisdiction over him on December 16, 1987, when he was transferred to federal prison and remained there for twenty-nine years. Colvin also

6

alleges that DPSC failed to review his challenge to an alleged extension of his release date and his arguments regarding simultaneous state and federal jurisdiction. He further asserts that DPSC failed to apply Louisiana's statute governing double good time credit to his state sentence.

The 30-day time period in which to seek judicial review provided for in La. R.S. 15:1177(A) is peremptive rather than prescriptive. If an adult offender fails to file an action for judicial review in the district court within 30 days after he received his final agency decision, his right to relief ceases to exist. *Evans v. Cain*, 2008-0377 (La. App. 1 Cir. 10/31/08), 2008 WL 4764030 at *2, writ denied, 2008-2959 (La. 10/9/09), 18 So.3d 1278, citing *Carter v. Lynn*, 93-1583 (La. App. 1 Cir. 5/20/94), 637 So.2d 690, 691.

Colvin's extradition and good time arguments were asserted in his 2018 ARP and addressed in DPSC's second-step response, which he did not properly appeal pursuant to La. R.S. 15:1177(A).[7] See La. R.S. 15:1177(A). After a thorough review of the record of these proceedings, we find no error in and affirm the August 4, 2023 judgment.

## DECREE

For the above reasons, the Nineteenth Judicial District Court's August 4, 2023 judgment is affirmed. Costs of the appeal are assessed to James L. Colvin, Appellant.

**AFFIRMED.**

---

[7] Despite failing to properly file a petition for judicial review after the denial of his 2018 ARP, Colvin's extradition arguments have been addressed in depth in federal court. See *Colvin v. LeBlanc*, 2 F.4th 494, 501 (5th Cir. 2021) (affirming that certain sentence-based claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), but remanding in part so that the district court could determine whether Colvin's extradition-based claims independently stated a claim under 42 U.S.C. § 1983); see also *Colvin v. LeBlanc*, No. CV 19-10962, 2022 WL 885678 (E.D. La. Mar. 15, 2022), report and recommendation adopted, No. CV 19-10962, 2022 WL 873628 (E.D. La. Mar. 24, 2022) (dismissing Colvin's remaining illegal extradition claim).

Colvin's good time claims have also been considered and rejected by the U.S. Fifth Circuit. See *Colvin v. LeBlanc*, 2 F.4th 494, 499 (5th Cir. 2021) (remanded in part on other grounds).